No. A-CV-02-79

## COURT OF APPEALS OF THE NAVAJO NATION

April 11, 1980

David C. JOHNSON, Appellant,

vs.

Hattie JOHNSON, Appellee.

ORDER DISMISSING APPEAL

Elwood N. Austin, Esq., Leonard Hilt, Esq., John R. Westerman, Esq., Shiprock, Navajo Nation (New Mexico) for Appellant and Herman Light, Esq., Shiprock, Navajo Nation (New Mexico), for Appellee.

## I.    PROCEDURAL HISTORY

This divorce action comes to us on appeal from the Shiprock District Court. The original appeal, filed January 10, 1979, requested that the Court of Appeals "direct the District Court to proceed with a new hearing as a trial de novo on the question of law". Specifically raised were the issues of whether the Courts of the Navajo Nation are empowered to award alimony and whether the District Court had erred in awarding separate property of the Appellant to the Appellee.

Appellee's motion opposing the appeal, filed February 2, 1979, was denied by Order of the Court dated February 23, 1979, and a hearing was set for April 19, 1979. Neither party appeared in person or by counsel and the appeal was dismissed by Order dated April 27, 1979.

Subsequently a Motion to Reopen was filed by Appellant based upon the grounds that an Entry of Appearance submitted by John R. Westerman had not been actually filed with the Court and Mr. Westerman had not received notice of the hearing. This motion was granted by Order of the Court dated May 6, 1979, and both parties were ordered to stipulate to those issues not contested. A hearing was scheduled for July 12, 1979. The Stipulation was filed July 10th in which the parties agreed that the marriage was valid and stipulated to the names, birth dates and census numbers of the issue of their marriage. All other issues were to be tried by trial do novo.

A continuance was granted due to a conflict in the court appearance schedule of Mr. Westerman until August 15, 1979. On that date, Appellee and her counsel were present along with Mr. Austin for the Appellant. It was discovered that Mr. Westerman had made an ex parte

oral motion for continuance, which had been granted, but had failed to notify Appellee. It was also discovered that Mr. Westerman had a conflict of interest and should not have been representing Appellant. Great inconvenience had been caused to both parties as well as the fourteen witnesses by Mr. Westerman's actions.

It was, therefore, ordered that Mr. Westerman submit a motion for his withdrawal and that both parties submit additional affidavits and briefs to the Court. Both parties stipulated that, pursuant to Rule 10(d) of the Rules of Appellate Procedure, the Court would decide this matter on the basis of the briefs alone.

Additional briefs were submitted by the Appellant and the Appellee and the matter comes before this Court the 11th day of April, 1980, at the hour of 9:30 A.M.

## II. ISSUES

There are two issues before the Court:
1. Are the Courts of the Navajo Nation empowered to award alimony? and
2. May the Courts of the Navajo Nation award the separate property of one spouse to the other spouse in a divorce action?

For the reasons stated below, we answer both of these questions in the affirmative.

## III. ALIMONY IN DIVORCE

The trial court of the Navajo Tribe has original jurisdicton over all cases involving domestic relations. 7 NTC § 253(3). Although the Tribal Code is silent regarding the award of alimony in a divorce action, Title 7 Section 204(c) states that "....matters that are not covered by the traditional customs and usages of the Tribe, or by applicable Federal laws and regulations, shall be decided by the Court of the Navajo Tribe according to the laws of the state in which the matter in dispute may lie." The State of New Mexico has a statutory authorization for the award of alimony. 40-4-7 New Mexico Statutes Annotated (1978). In fact, in New Mexico alimony may be awarded without a dissolution of marriage. 40-4-3 N.M.S.A. (1978). The question that this Court is called upon to decide, therefore, is whether any Navajo tradition or custom would speak to prevent the court from applying the New Mexico law regarding alimony to the instant case.

The original rationale behind an award of alimony was to compensate the female spouse who was unable to earn for herself the same level of material comforts which she enjoyed during coverture for the loss of those material comforts occasioned by divorce. The instant case presents a classic example of such a situation. Plaintiff and Defendant herein were married in 1951 when she was 23 and he was 20. 26 years later, in 1977, they separated and began the struggle associated with the division of property common to all marriage dissolution proceedings. During the marriage five children were born to the parties, ranging in age from nearly 26 to 9 years old. After 28 years as a mother and homemaker, defendant is now 52 years of age and unemployed.

It is the opinion of this Court that Defendant would not be able to provide for her own maintenance and that of her remaining minor

children without some sort of financial aid from Plaintiff.

Traditionally, the responsibility for a family whose male spouse either has deserted or is deceased falls upon the family of the female spouse. Due to the age of the parties in the instance case, the traditional matrilineal responsibility falls squarely upon the shoulders of Defendant. It would be difficult for her to look to her family for support for herself and her children. In fact, she may be the individual to whom her family looks. It is, therefore, the opinion of this court that nothing in Navajo tradition or custom would prohibit this court from applying New Mexico law pursuant to 7 NTC §204 and that an award of alimony in a marriage dissolution action in the tribal courts is both proper and authorized.

We, therefore, uphold the Shiprock District Court's award of alimony to the Defendant in the sum of $250.00 per month.

Plaintiff-Appellant contends upon appeal that the award of alimony, when taken in combination with the award of child support to Defendant in the sum of $400 per month, places a severe financial burden upon him. With this contention we agree. Because of our holding, stated further in Part IV of this opinion, regarding the award of property to the Defendant, we hereby reverse the Shiprock District Court's award of child support to Defendant in the amount of $400 per month on the grounds and for the reason that the income realized from working the land should permit Defendant and her children living on the farm to be self supporting.

Any further application for modification of either the child support or the alimony awards are within the jurisdiction of the District Court. If the circumstances of either party in the instant case change, modification proceedings should be instituted in the District Court. Joe v. Joe, 1 Navajo R. 320 (1978).

IV.

The final question presented to this Court is the propriety of the division of property between Appellant and Appellee.

Plaintiff-Appellant first contends that the award of certain medicineman paraphernalia to Defendant was improper because he and not Defendant-Appellee is the medicineman. Yet, conflicting affidavits in file indicate that certain items were given and distributed to the children of the parties by Plaintiff-Appellant and that these items are being used by other individuals. Because of the unique nature of medicineman paraphernalia, some items can be used only by specific individuals who have acquired them in specific ways, and other items can be used by any member of the Native American Church. Some items may be handed down only by ritual and ceremony, and other items may be given from individual to individual. This court believes that these issues have been considered by the Shiprock District Court and that the District Court was in the best position to review the evidence and testimony and to award the paraphernalia accordingly. For these reasons, this Court is reluctant to disturb the ruling of the District Court.

We, therefore, uphold the Shiprock District Court's award of Native American Church paraphernalia to Defendant.

Plaintiff-Appellant further contends that certain land use permits

are gift property, and, therefore, his separate property, and that the award of his separate property to Defendant was contrary to law. The Tribal Code defines separate property in Title 9 Section 202. Community property is defined in 9 NTC §205. Although the Tribal Code makes a distinction between separate and community property in actions to collect debt (9 NTC §211), the Code is silent regarding the distribution of property, either separate or community, in an action for dissolutionment. Title 9 Section 404 of the Tribal Code provides:

> "Each divorce decree shall provide for a fair and just settlement of property rights between the parties, and also for the custody and proper care of the minor children."

Nothing is specifically stated as to how either separate or community property is to be divided upon divorce.

It is the opinion of this Court that Title 7 Section 204 of the Navajo Tribal Code is controlling in this matter. Under the authority of that Section, the traditions and customs of the Navajo People are to be applied where the Navajo Tribal Code is silent and federal law does not prohibit the application of tradition and custom. It is only in a situation where there is no tradition or custom that the Tribal Courts are authorized to apply State law.

It is Navajo tradition that when a person gives property to a younger family member (such as a father giving a land use permit to his son), the gift is intended to benefit the entire family, and most of all the children of the family. When a land use permit is given from a father to a son and that son is the head of a household, it is traditionally the intention that the son keep the land use permit in his name, but the gift is really being made to the children. It is, therefore, against tradition and custom to characterize the land use permits given as gifts to Plaintiff-Appellant as his separate property. Neither is the gift and are to be used for the benefit of the entire family.

It is the opinion of this Court that the Shiprock District Court applied Navajo tradition and custom in awarding the land use permits, the grazing permit and all other property connected with the farm in this case to Defendant. Defendant is charged with the responsibility of keeping the family homestead together for the benefit of her children. We believe that the District Court must have been aware of certain facts which indicated that the Defendant-Appellee was a more reliable person to maintain and keep intact the family homestead for the benefit of her children than Plaintiff-Appellant.

For all of the above reasons, we hold that the award and distribution of the property rights between the parties was a fair and just settlement pursuant to Title 9 Section 404 of the Navajo Tribal Code. We uphold the distribution of the property rights by the District Court.

V.    DISPOSITION

It is, therefore, ORDERED, ADJUDGED AND DECREED that;
1.    The Courts of the Navajo Nation are empowered to award alimony in dissolution of marriage cases;

2. The award of alimony to Defendant-Appellee in the sum of $250 per month is AFFIRMED;

3. The award of child support to Defendant-Appellee in the sum of $400 per month is REVERSED;

4. The distribution of property pursuant to Order of the Shiprock District Court dated the 22nd day of December, 1978, is AFFIRMED;

5. Either party to this action is to pursue any modification of alimony or child support requested in the District Courts of the Navajo Nation.

So Ordered.